# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
212 N. Wahsatch Avenue Colorado Springs, CO 80903

Civil Case No. _____

ALBERT VEIN INSTUTITE, P.C., a Colorado Professional Corporation and
DR. JAMES D. ALBERT, an individual

      Plaintiffs,

v.

ROCKY MOUNTAIN VEIN INSTITUTE, PROFESSIONAL LLC, a Colorado Limited Liability Company, d/b/a the American Vein and Vascular Institute, AVVI, and AVVI Colorado Springs Clinic;
DR. GORDON F. GIBBS, and individual, and
ERIN GIBBS, an individual

Defendants.

---

### NOTICE OF REMOVAL

---

**PLEASE TAKE NOTICE THAT** pursuant to U.S.C. §§ 1331, 1338, 1367 and 1446, Defendants Rocky Mountain Vein Institute, Professional LLC, a Colorado limited liability company, Dr. Gordon F. Gibbs and Erin Gibbs (collectively, "Defendants") hereby remove this action from the Colorado State District Court of Douglas County in the State of Colorado. In support of this Notice of Removal, Defendants state and aver as follows:

## D.C.Colo.LCivR 7.1

Pursuant to D.C.Colo.L.CivR. 7.1, undersigned counsel notified counsel for Plaintiffs of this filing and notes that counsel for Plaintiffs did not dispute the grounds for removal.

## Plaintiff's Allegations

1. By the complaint filed in Douglas County state court, Plaintiffs seek redress against Defendants for their purported dilution of the trademark "AVI" – claimed by Plaintiff as its own – by Defendants' use of "AVVI.". Plaintiffs claim that this use dilutes AVI by lessening the capacity of the mark AVI to identify the goods and services provided by the plaintiff, Albert Vein Institute, and its provider, Dr. Albert. Defendants dispute that it has done anything with its naming convention and branding to dilute any intellectual property owned by Plaintiff.

2. The complaint states five causes of action against the Defendants, all centered on the trademark infringement/dilution allegations.

3. The complaint, dated February 26, 2015, was served on Defendants on March 2, 2015.

**Grounds for Removal**

4. Here, the United States District Court has subject matter jurisdiction over the state court action because of the presence of a federal question central to the lawsuit.

5. The lawsuit is a trademark infringement/dilution case. Key to those allegations is the second claim for relief seeking "Temporary, Preliminary and Permanent Injunctive Relief Under [unspecified] Colorado Law and 15 U.S.C. §1125 – the "Lanham Act."

6. The United States District Courts have original jurisdiction of any civil action related to copyrights and trademarks. 28 U.S.C. §§ 1331 & 1338.

7. The remaining state law claims for relief are based upon the same transactions giving rise to the Lanham Act claim and as such, are part of the same trademark case and controversy. The state law claims do not predominate over the federal claim and do not raise novel or complex issues of state law. Accordingly, this Court should exercise supplemental jurisdiction of those state law claims, pursuant to 28 U.S.C. 1367.

**The Procedural Requirements for Removal Have Been Satisfied**

8. True and correct copies of all pleadings and documents served upon Defendants on Monday, March 2, 2015, in the action pending in Colorado State District Court of Douglas County are attached here as **Exhibit A**.

9. This case is timely removed within thirty days of service. The complaint was served on Defendants on Monday, March 2, 2015. No hearings are scheduled in the state court action.

10. This removal is filed on behalf of all Defendants to this action.

11. The Colorado Springs District Court is the proper Federal District Court because both parties operate businesses in Colorado Springs, Colorado and because Defendants were served in Colorado Springs, Colorado.

12. Written notice of the removal will be given to Plaintiffs by service of this pleading and notice will also be given to the state court from which it is removed, as shown in **Exhibit B**. A copy of Defendants' answer is attached as **Exhibit C**.

## Non-waiver of Defenses

13. By removing this action from the District Court of Douglas County in the State of Colorado, Defendants do not waive any defenses available to them, nor do they admit any of the allegations in plaintiff's complaint.

**WHEREFORE**, Defendants Rocky Mountain Vein Institute, Professional LLC, a Colorado limited liability company, Dr. Gordon F. Gibbs and Erin Gibbs remove the above-captioned action from the District Court of Douglas County in the State of Colorado to the United States District Court for the State of Colorado.

Dated: March 23, 2015

                                          Respectfully Submitted,

                                          *Stuart D. Morse*

Attorneys for Defendants:
Stuart D. Morse, #16978
Matthew J. Bayma, #41464
Stuart D. Morse & Associates, LLC
5445 DTC Parkway, Suite 250
Greenwood Village, CO  80111
Telephone:     303-996-6661
Facsimile:     303-996-0908
smorse@sdmorselaw.com
mbayma@sdmorselaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March, 2015, I served a true and correct copy of the foregoing on the individuals below pursuant to F.R.C.P. 5.

Jonathan H. Steeler, #9195
Richard C. Kaufman, #8343
Sarah K. Pallotti, #45077
RYLEY CARLOCK & APPLEWHITE
1700 Lincoln Street, Suite 3500
Denver, Colorado 80203
E-mail: rkaufman@rcalaw.com
E-mail: spallotti@rcalaw.com

                                                    *Brian Gulden*
                                                    Brian Gulden