# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, DOUGLAS COUNTY, STATE OF COLORADO<br>Douglas County Justice Center<br>4000 Justice Way, Ste. 2009<br>Castle Rock, CO 80109 | |
| **Plaintiff(s):   Albert Vein Institute, P.C, a Colorado professional corporation and Dr. James D. Albert**<br><br>Plaintiffs,<br><br>v.<br><br>**Defendant(s):   Rocky Mountain Vein Institute, Professional LLC, a Colorado limited liability company d/b/a the American Vein and Vascular Institute, AVVI and AVVI Colorado Springs Clinic, Dr. Gordon F. Gibbs, an individual, and Erin Gibbs, an individual,**<br><br>Defendants. | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br>Jonathan H. Steeler, #9195<br><br>Richard C. Kaufman, #8343<br>Sarah K. Pallotti, #45077<br>RYLEY CARLOCK & APPLEWHITE<br>1700 Lincoln Street, Suite 3500<br>Denver, Colorado 80203<br>Telephone:   (303) 863-7500<br>Facsimile:   (303) 595-3159<br>E-mail:  rkaufman@rcalaw.com<br>E-mail:  spallotti@rcalaw.com | Case Number:  15 CV _____<br><br>Division/Courtroom: |
| **SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT:**  Rocky Mountain Vein Institute, Professional LLC, a Colorado limited liability company d/b/a the American Vein and Vascular Institute, AVVI and AVVI Colorado Springs Clinic

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint.  If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or

other response within 30 days after such service upon you.  Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

The following documents are served with this Summons:  Complaint and District Court Civil Cover Sheet.

Dated:  February 26, 2015          / Richard C. Kaufman
                                   Richard C. Kaufman
                                   *Attorneys for Plaintiffs*

*In accordance with C.R.C.P. 121, § 1-26(9), a printed copy of this document with original signatures shall be maintained by the filing party and made available for inspection by other parties or the court upon request.*

| DISTRICT COURT, DOUGLAS COUNTY, STATE OF COLORADO<br>Douglas County Justice Center<br>4000 Justice Way, Ste. 2009<br>Castle Rock, CO 80109 | |
|---|---|
| **Plaintiff(s):   Albert Vein Institute, P.C, a Colorado professional corporation and Dr. James D. Albert**<br><br>Plaintiffs,<br><br>v.<br><br>**Defendant(s):   Rocky Mountain Vein Institute, Professional LLC, a Colorado limited liability company d/b/a the American Vein and Vascular Institute, AVVI and AVVI Colorado Springs Clinic, Dr. Gordon F. Gibbs, an individual, and Erin Gibbs, an individual,**<br><br>Defendants. | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff:<br><br>Jonathan H. Steeler, #9195<br><br>Richard C. Kaufman, #8343<br>Sarah K. Pallotti, #45077<br>RYLEY CARLOCK & APPLEWHITE<br>1700 Lincoln Street, Suite 3500<br>Denver, Colorado 80203<br>Telephone:     (303) 863-7500<br>Facsimile:     (303) 595-3159<br>E-mail:  rkaufman@rcalaw.com<br>E-mail:  spallotti@rcalaw.com | Case Number:  15 CV _____<br><br>Division/Courtroom: |
| **COMPLAINT** | |

COMES NOW Plaintiffs, Dr. James D. Albert and Albert Vein Institute, Inc. doing busniess under the trademark AVI, by and through Ryley Carlock & Applewhite submits the following complaint against the Defendants:

3746509.1
02/23/15

## PARTIES

1.      Plaintiff Albert Vein Institute, P.C. is a Colorado professional corporation, incorporated on April 19, 2006 for the purpose of providing comprehensive care for patients suffering from venous disease. Since it began operations in 2006 it has been known by the common law tradename "AVI." AVI provides treatment at two locations. One clinic, located in Colorado Springs, Colorado was opened in 2006 and the second clinic, in Lone Tree, Colorado was opened in 2010.

2.      Plaintiff, Dr. James D. Albert is a medical doctor, board certified in Cardiovascular surgery and Phlebology; and certified as a Registered Physicians in Vascular Interpretation ("RPVI"). Dr. Albert was the founder and is the owner and operator of AVI. He is a Colorado resident.

3.      Defendant, Rocky Mountain Vein Institute, Professional LLC ("RMVI"), is a Colorado limited liability company, organized on August 1, 2009 first under the name Rocky Mountain Vein Institute, LLC which was amended on November 12, 2009 to reflect the present name. RMVI has six locations, five in Colorado and one in the Dallas-Ft. Worth, Texas area. RMVI's Colorado offices are located in Pueblo, Canon City, Colorado Springs, Parker and Vail. Within the past few days RMVI has announced the opening of a sixth clinic in the Highlands Ranch-Littleton area. Since January 8, 2014, it has operated under the trade name American Vein & Vascular Institute and since December 4, 2014, it has operated under two additional tradenames of "AVVI" and a third trade name "AVVI Colorado Springs Clinic."

4.      Defendant Dr. Gordon F. Gibbs is a medical doctor trained as a radiologist. He is owner and operator of Rocky Mountain Vein Institute, Professional LLC. He is a Colorado resident.

5.      Defendant Erin Gibbs, along with Dr. Gordon F. Gibbs, is an owner and CEO of Rocky Mountain Vein Institute, Professional LLC. She is a Colorado resident.

## JURISDICTION AND VENUE

6.      Jurisdiction is proper in this Court because this action arises out of business transacted in Colorado and also because Defendants committed tortious acts within this state both within the meaning of C.R.S. §13-1-124.

7.      Venue is proper in this Court pursuant to C.R.C.P. 98(c).

8.      Accordingly, this Court has jurisdiction over this matter and venue is proper in this district.

2

## FACTUAL ALLEGATIONS

9.     Dr. Albert opened the first of two Albert Vein Institute ("AVI") clinics in Colorado Springs, Colorado in 2006 and the second clinic in Lone Tree, Colorado in 2012. Since its inception, the AVI clinics have focused on providing care and medical intervention for patients suffering from venous disease.

10.     Since the opening of the first clinic, Albert Vein Institute has been known by the trademark AVI.

11.     Since 2006, Albert Vein Institute has advertised and marketed its services in all forms of media, including broadcast media including television and radio; print media including newspapers and magaizines; and on the internet, and social media, using the trademark AVI.

12.     Due to the nature and scope of Dr. Albert's marketing program, Albert Vein Institute has been marketed throughout the state of Colorado and beyond the borders of Colorado using the trademark AVI.

13.     In addition, Dr. Albert has provided hundreds of referring physicians in Colorado with information about Albert Vein Institute using the trademark AVI.

14.     In fact, since 2006, Dr. Albert has expended over two million dollars in paid advertising marketing his clinics under the trademark AVI.

15.     Due to this massive marketing effort over the last nine years, and its bona fide use in commerce, the trademark AVI  became identified in the public mind and among physicians and other medical professionals as referring to Albert Vein Institute.

16.     The success of the first clinic in Colorado Springs and the corresponding demand for treatment of venous disease in the metro Denver area led Dr. Albert to establish a second AVI clinic in Lone Tree, Colorado in 2010.

17.     Both clinics have grown and served more patients since each was opened. The growth is directly related to the quality of care and the marketing efforts described above using the trademark AVI.

18.     The trademark AVI identifies and distinguishes Albert Vein Institute from other physicians or clinics that treat venous diseases. AVI indicates a specific source for treatment of venous diseases.

19.     In 2009, Defendants Dr. Gibbs and Erin Gibbs, his spouse, formed Rocky Mountain Vein Institute, Professional LLC and upon information and belief advertised their clinic as RMVI.

3

20.    The purpose of Defendants' clinics is to treat venous diseaes.  Defendants are in direct competition with Plaintiffs and provide exactly the same kind of medical services.

21.    Defendants first clinic was opened in Pueblo, Colorado in 2009. Over the past five years, Defendants have opened four more clinics in Colorado Springs, Canon City, Parker and Vail, Colorado.  All of these clinics are owned and operated by Rocky Mountain Vein Institute, Professional LLC and the sole purpose is the treatment of venous diseases.

22.    From 2009 until September 2014, Defendants' clinics were marketed under the name Rocky Mountain Vein Institute or RMVI. For three years before, and during the same period of time, Dr. Albert's clinics had continuously utilized the trademark AVI.

23.    In January 2014, Rocky Mountain Vein Institute filed a statement of tradename with the Colorado Secretary of State to utilize the tradename "American Vein and Vascular Institute."  According to the statement filed with the Secretary of State, the purpose of the business utilizing the tradename is "Healthcare: treatment of veinous and vascular disease."

24.    Tradenames, as provided for in CRS §7-71-101 *et seq*. allow an entity to transact business, including suing and being sued, utilizing a name other than the true name of the entity but it does not override or cancel another entity's common law or statutory trademark rights.

25.    On February 11, 2014, Defendant Erin Gibbs authored an article in Colorado Biz Magazine announcing the forthcoming transition from Rocky Mountain Vein Institute to American Vein and Vascular Institute ("AVVI").  In the article, Mrs. Gibbs wrote:

> 2. **Do Your Homework.** This means make sure no one else has the name, there are no registered trademarks, and check (and purchase) desired domain(s). There are law firms that specialize in this work and its (sic) worth it if you want to avoid future potential expensive legal consequences.

26.    In September 2014, Defendants fomally announced their clinics would thereafter be known as the American Vein & Vascular Institute and they began marketing the clinics as "AVVI." For the past six months, they have continuusly marketed their clinics using AVVI as the identifying mark or symbol.

27.    In November 2014, less than four months ago, Defendants opened their Colorado Springs clinic utilizing AVVI as the identifying mark.

28.    Defendants are marketing all of their Colorado clinics utilizing AVVI in their marketing and the materials they provide to potential referring physicians.

29.    The use of AVVI is deceptively and confusingly similar to AVI, the common law trademark of Albert Vein Institute.  By uing AVVI, the Defendants infringed on the Plaintiffs' common law trademark AVI.

4

30.     By using AVVI, Defendants are misappropriating the goodwill and reputation that Albert Vein Institute has built over the past nine years through the AVI trademark.

31.     On November 10, 2014, again on November 22, 2014 and finally for a third time on January 17, 2015, Plaintiffs' previous counsel wrote to Defendants and requested they immediately stop utilizing AVVI in violation of the AVI trademark.  Defendants never replied to these demands.

32.     In a transparent attempt to avoid the legal consequences of infringing Plaintiffs' trademark, on December 4, 2014, only days after receiving the letters from Plaintiffs' counsel, Defendants filed two additional tradename statements with the Colorado Secretary of State. One statement lists the tradename "AVVI" and the second one, "AVVI Colorado Springs Clinic."

33.     Defendants tradename statements indicate their ongoing intent to infringe on the AVI trademark held by Albert Vein Institute and Dr. Albert and to thereby confuse the public and deceive patients. By such deceptive practices, Defendants intend to steer patients to their clinics by misappropriating the goodwill and reputation of Plaintiffs.

34.     Defendants actions have diluted the trademark AVI by utilizing AVVI. Such action dilutes AVI by lessening the capacity of the mark AVI to identify the goods and services provided by Dr. Albert and Albert Vein Institute.


**FIRST CLAIM FOR RELIEF**

(Infringement and Dilution of Plaintiffs' Common Law Trademark)

35.     Each and every allegation contained in paragraphs 1 through 34 are incorporated herein by reference.

36.     Since 2006, Plaintiffs have continuoulsy utilized the trademark AVI to identify and market the medical services provided by Dr. Albert and Albert Vein Institute.

37.     Since 2006, Plaintiffs have expended millions of dollars marketing their medical services to the public and to physicians and other medical professionals utilizing the trademark AVI.

38.     Over the past nine years, Albert Vein Institute has continued to grow and expand by opening a second clinic in Lone Tree, Colorado in 2010.

39.     AVI identifies a specific source of medical services for treatment of venous diseases.

40.     AVI has become synonomous with Albert Vein Institute and thereby has acquired a secondary meaning and became the common law trademark for Albert Vein Institute.

41.     Defendants' clinics treat venous diseases and provide these medical services in direct competition with Plaintiffs in the same geographic area.

42.     Until September 2014, Defendants provided their services under the name Rocky Mountain Vein Institute or RMVI.

43.     Beginning that same month, Defendants began marketing their services under the name AVVI which is both deceptively and confusingly similar to AVI.

44.     As a direct result of Defendants' actions, their use of AVVI is an infringement of Plaintiffs' trademark AVI.

45.     Defendants actions have diluted Plaintiffs' trademark through confusion and deception of prosepective patients and other medical providers.

46.     Defendants are jointly and severally liable to Plaintiffs for damages, including but not limited to, the profits earned by Defendants and other damages sustained as a result of infringing Plaintiffs' trademark AVI.

47.     Plaintiffs seek judgment against the Defendants for the damages casused by the infringement of Plaintiffs' trademark AVI.

## SECOND CLAIM FOR RELIEF

(Temporary, Preliminary and Permanent Injuctive Relief Under Colorado Law and 15 U.S.C. §1125 -- the "Lanham Act")

48.     The allegations contained in paragraphs 1 through 47 are incorporated herein by reference.

49.     As stated above, Defendants past and ongoing actions have  infringed Plaintiffs' trademark rights by both diluting the trademark AVI And by confusing the origin of the services represented by the AVI.

50.     Defendants should be enjoined from any future infringement of Plaintiffs common law trademark AVI..

51.     Plaintiffs seek judgment against Defendants enjoing them from infringing Plaintiffs' trademark AVI pursuant to Colorado law and 15 U.S.C. §1125.

## THIRD CLAIM FOR RELIEF

(Tortious Interference with Prospective Contractual Relations)

52.     The allegations contained in paragraphs 1 through 51 are incorporated herein by reference.

6

53.     Plaintiffs had a reasonable expectation that nine years of providing medical treatment to patients through the use of the trademark AVI would result in additional patient visits to AVI that would result in agreements between the prospective patients and the Albert Vein Institute to provide medical treatment for venous disease.

54.     As a direct result of Defendants infringment of Plaintiffs trademark, Defendants maliciously interfered with Plaintiffs' resonable expectation of economic advantage by steering patients away from Albert Vein Institute to Defendants clinics.

55.     Defendants conduct was unlawful and injured Plaintiffs economic interests.

56.     Defendants are jointly and sevferally liable to Plaintiffs for damages as a result of their interference with Plaintiffs' prospective contractual relationships.

57.     Plaintiffs seek judgment against Defendants for the damages caused by such interference.

## FOURTH CLAIM FOR RELIEF

(Unjust Enrichment – Against Gordon Gibbs and Erin Gibbs)

58.     The allegations contained in paragraphs 1 through 58 are incorporated herein by reference.

59.     By infringing Plaintiffs' trademark and thereby confusing the publicand other medical providers and thereby steering patients to their clinics, Defendants Gordon Gibbs and Erin Gibbs received a benefit which, under these circumstances is unjust for them to retain.

60.     Dr. Gordon Gibbs and Erin Gibbs are jointly and severally liable to Plaintiffs for restitution of the amount of their unjust enrichment.

61.     Plaintiffs seeks judgment for restitution in the amount Dr. Gordon Gibbs and Erin Gibbs were unjuustly enriched.

## FIFTH CLAIM FOR RELIEF

(Colorado Consumer Protection Act – C.R.S. §6-1-105(b), (c) against all Defendants)

62.     The allegations contained in paragraphs 1 through 62 are incorporated herein by reference.

63.     By intentionally infringing Plaintiffs' trademark AVI, Defendants falsely represented the source, sponsorship, and approval of their services and falsely represented the affiliation, connection, and association of their services.

64.     Through their actions, Defendants conduct was and continues to be willful, knowing and intentional and therefore in bad faith as defined in C.R.S. §6-1-113(2.3).

65.     By engaging in these deceptive trade practices, Defendants are in violation of the Colorado Consumer Protection Act and subject to damages under the provisions of C.R.S. §6-1-113(2), including but not limited to damages in the amount of three times the actual damages plus attorneys fees and costs.

66.     Plaintiffs seek judgment for damages for Defendants violation of the Colorado Consumer Protection Act.

**WHEREFORE,** Plaintiffs pray for judgment be entered in their favor and agaisnt Defendants as follows:

On the First Claim for Relief, that the Court enter a Judgment in favor of Plaintiffs determining that the Defendants infringed Plaintiffs' trademark AVI and are jointly and severally liable for the damages caused by their infringement;

On the Second Claim for Relief that the Court enter an Order enjoining the Defendants from infringing Plaintiffs trademark under Colorado law and 15 U.S.C. §1125;

On the Third Claim for Relief that the Court enter a Judgment in favor of Plaintiffs determining they tortuously interfered with prospective contractual relations and are jointly and severally liable for the damages caused thereby;

On the Fourth Claim for Relief that the Court enter a Judgment in favor of Plaintiffs and against Gordon Gibbs and Erin Gibbs, jointly and severally, for unjust enrichment; and

On the Fifth Claim for Relief that the Court enter a Judgment in favor of Plaintiffs and against Defendants for violation of the Colorado Consumer Protection Act and for damages as determined under the provisions of the CCPA, including attorney's fees and costs.

Respectfully submitted this 26th day of February, 2015.

**RYLEY CARLOCK & APPLEWHITE**


By:  *s/ [Attorney Name]*
Jonathan H. Steeler
Richard C. Kaufman
Sarah K. Pallotti

**Attorneys for Plaintiff**

8

| District Court, Douglas County, Colorado<br>Court Address:<br>Douglas County Justice Center<br>4000 Justice Way, Ste. 2009<br>Castle Rock, CO 80109 | |
|---|---|
| Plaintiff(s):  **Albert Vein Institute, P.C, a Colorado professional corporation and Dr. James D. Albert**<br><br>v.<br><br>Defendant(s): **Rocky Mountain Vein Institute, Professional LLC, a Colorado limited liability company d/b/a the American Vein and Vascular Institute and as AVVI and AVVI Colorado Springs Clinic, Dr. Gordon F. Gibbs and Erin Gibbs** | ▲   COURT USE ONLY   ▲ |
| Attorneys for Plaintiff:<br><br>Richard C. Kaufman, #8343<br>Sarah K. Pallotti, #45077<br>RYLEY CARLOCK & APPLEWHITE<br>1700 Lincoln Street, Suite 3500<br>Denver, Colorado 80203<br>Telephone:      (303) 863-7500<br>Facsimile:      (303) 595-3159<br>E-mail:   rkaufman@rcalaw.com<br>E-mail:   spallotti@rcalaw.com | Case Number: 15CV_____<br><br><br>Division          Courtroom |

### DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT

1.  **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.** It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2.  **Check one of the following:**

    ❏This case is governed by Chief Justice Directive ("CJD") 11-02 and the "Colorado Civil Access Pilot Project Rules Applicable to Business Actions in District Court" because:

    -   The case is filed within the period of January 1, 2012 through December 31, 2014; *AND*

    -   The case is filed in a Pilot Project participating jurisdiction (Adams County, Arapahoe County, Denver County, Gilpin County, or Jefferson County); *AND*

    -   The case is a "Business Action" as defined in CJD 11-02, Amended Appendix A for inclusion in the Pilot Project.

    ❏This case is not governed by the Colorado Civil Access Pilot Project Rules.

    *NOTE: Cases subject to the Colorado Civil Access Pilot Project must be governed by the Rules in CJD 11-02 (available at http://www.courts.state.co.us/Courts/Supreme_Court/Directives/Index.cfm). The presiding*

*judge will review Item 2 for accuracy. The designation on this initial Cover Sheet will control unless the Court orders otherwise.*

**3.   If this case is not governed by the Colorado Civil Access Pilot Project Rules as indicated in Item 2, check the following:**

☐ This case is governed by C.R.C.P. 16.1 because:

- The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

- A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☒ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

☐ The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

☒ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date. See C.R.C.P. 16.1(e). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date. See C.R.C.P. 16.1(d).*

☐ A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

☐ C.R.C.P. 16.1 applies to this case.

☐ C.R.C.P. 16.1 does not apply to this case.

**4.   ☐** This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Date:   2/26/15                          s/Richard C. Kaufman
                                         Signature of Party or Attorney for Party